NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO GARCIA-SALINAS, | No. 15-72218 |
| Petitioner, | Agency No. A200-156-721 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2022[**]
Pasadena, California

Before:  SCHROEDER, TALLMAN, and LEE, Circuit Judges.

Pedro Garcia-Salinas seeks review of the Board of Immigration Appeals'

("BIA") dismissal of his appeal of an immigration judge's ("IJ") order denying his

Convention Against Torture ("CAT") claim.  As the facts are known to the parties,

we repeat them only as necessary to explain our decision.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252 and deny the petition.

"To be eligible for relief under CAT, an applicant bears the burden of establishing that [he] will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). We review the factual findings underlying the BIA's determination for substantial evidence. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078 (9th Cir. 2015). "In order for this court to reverse the BIA with respect to a finding of fact, the evidence must compel a different conclusion from the one reached by the BIA." *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

Substantial evidence supports the BIA's determination that Garcia-Salinas is not eligible for CAT protection.

1.    Garcia-Salinas did not present evidence of a likely ongoing threat from his father. Garcia-Salinas' father has not physically threatened any family member since being imprisoned in 2009. Garcia-Salinas has not been in contact with his father for "a long time" and conceded he could try living in a different area of Mexico away from his father. *See Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc) (holding that "the possibility of relocation within the country of removal" is a factor to consider). Garcia-Salinas provided no evidence for his claim that government officials released his father from prison early after accepting

2

bribes.  Instead, the record reflects that the government arrested and imprisoned his father, and that it issued a restraining order protecting his mother.

2.    Garcia-Salinas failed to offer evidence corroborating his claim that his brother Juan Carlos was kidnapped and ransomed.  Despite Juan Carlos now living near San Diego, Garcia-Salinas did not obtain a declaration from him substantiating the incident.  Even assuming that Juan Carlos was kidnapped, Garcia-Salinas did not present evidence detailing why he himself would be a target of torture by these kidnappers.  To the extent that Garcia-Salinas is claiming a fear of general unsafe conditions in Mexico, such a fear is insufficient for CAT purposes.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

3.    As to his brother Ramiro's beating at the hands of gang members and police, Garcia-Salinas presented no evidence showing why Garcia-Salinas was connected to the incident or why those involved would seek to target him for torture.  Garcia-Salinas' claims about this incident and the police involvement in it are highly speculative without more documentation or declarations supporting them.

In sum, "the claims of possible torture remain speculative."  *Zheng*, 644 F.3d at 835.  The evidence does not compel a conclusion contrary to the BIA's.  *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890–91 (9th Cir. 2021).

**PETITION FOR REVIEW DENIED.**